William M. Fitzgerald, Esq.
LAW OFFICES OF WILLIAM M. FITZGERALD
259 Martyr Street, Suite 100
Hagatña, Guam 96910
Tel: (671) 646-9355
Fax: (671) 646-9403

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| NICHOLAS CHIAPPINI, | IN ADMIRALTY |
|---|---|
| Plaintiff, | NO. |
| v. | **COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND FOR WRONGFUL FAILURE TO PAY MAINTENANCE AND CURE** |
| SEABRIDGE, INC. and CABRAS MARINE CORPORATION, | |
| Defendants. | |

**COMES NOW** Nicholas Chiappini, plaintiff herein, and for cause of action against defendants, alleges as follows:

1.  **Jurisdiction.** This is an action by a seaman against his employer for injuries incurred in the course of his employment, and against the owner of a vessel which lacked a sufficient compliment of personnel. Jurisdiction is vested in this court under 46 U.S.C. § 30104, the general maritime law, and Fed. R. Civ. Pro. 9(h). This action is brought pursuant to 28 U.S.C. § 1916 without prepayment of fees or costs.

2.  **Parties.** At all times material, plaintiff was a resident of the State of Florida. At all times material, Defendant Seasbridge, Inc. was a corporation doing business in the District of

1

Guam, and was the owner and operator of the tug CHAMORRO, and employed plaintiff as a member of the crew of the tug CHAMORRO. At all times material, defendant Cabras Marine Corporation was a corporation doing business in the District of Guam, and was the owner and operator o the tug TALOFOFO.

3. **Liability.** On March 24, 2011, the tug CHAMORRO was in navigable waters of the United States and plaintiff was in the course and scope of his employment. At that time and place, the master of the CHAMORRO directed plaintiff to transfer from the tug CHAMORRO to the tug TALOFOFO in open seas, which were at a height which precluded safe transfer from one vessel to the other. Despite the CHAMORRO master's actual knowledge of the lack of safe means of transfer from one vessel to the other, the master made no effort of any type to conduct a Job Hazard Analysis, Job Safety Analysis, pre-task planning meeting or risk assessment of any type to reduce or eliminate the dangers inherent in attempting to transfer, and despite actual knowledge of the dangers, directed plaintiff to attempt the transfer. Defendants also failed to supply adequate personnel to the tug TALOFOFO which resulted in the CHAMORRO's master directing plaintiff to transfer to the TALOFOFO.

Defendant Seabridge, Inc. negligently directed and then failed to discontinue the transfer of personnel between vessels under obviously unsafe conditions, negligently directed plaintiff to attempt a transfer knowing it was unsafe to do so, negligently failed to conduct a Job Hazard Analysis, Job Safely Analysis, pre-task planning meeting or risk assessment of any type to reduce or eliminate the dangers inherent in attempting to transfer, and negligently failed to provide plaintiff a safe place to work. Defendants Seabridge, Inc. and Cabras Marine Corporation negligently failed to assign adequate personnel to the TALOFOFO.

The tug CHAMORRO was unseaworthy in that it was involved in an unsafe method of operation, provided a method of transferring from the CHAMORRO to the

2

TALOFOFO which was not reasonably fit for its intended use, and made no effort of any type to conduct a Job Hazard Analysis, Job Safely Analysis, pre-task planning meeting or risk assessment of any type to reduce or eliminate the dangers inherent in attempting to transfer.

Upon information and belief, discovery will show additional evidence of negligence and unseaworthiness.

4.  **Damages.**  As a direct and proximate result of unseaworthiness of the CHAMORRO and defendants' negligence, plaintiff sustained severe injuries to his right lower extremity which have required three surgeries to date and may leave him unable to return to work in the towing and/or marine industry.  Plaintiff has incurred substantial medical expense in the past and will in the future.  He has sustained loss of earnings in the past and will in the future.  The full extent of his permanent impairment and disability is still to be determined.  He has endured pain and suffering, both physical and mental, in the past and will in the future.

5.  **Wrongful Failure to Pay Maintenance and Cure**.  Despite the fact that no physician had stated that plaintiff has reached maximum cure relative to the March 24, 2011 injuries, defendant Seabridge, Inc. refused to pay maintenance from January 9, 2012 through July 31, 2012, and refused to pay for curative treatment provided plaintiff by Meli Orthopedics in Fort Lauderdale, Florida on December 16, 2011 and February 10, 2012.  Defendant Seabridge, Inc.'s refusal to pay the $522 billing for plaintiff's December 16, 2011 date of service and the $291 billing for plaintiff's February 10, 2012 date of service delayed plaintiff's ongoing care, and ultimately delayed plaintiff's recovery.  Plaintiff was first referred for a surgical consult on December 16, 2011, but was unable to obtain said consultation until July 6, 2012 due to defendant Seabridge, Inc.'s delay in authorization and wrongful withholding of payment of outstanding billings for previous curative treatment.

On April 15, 2013, plaintiff was examined by his surgeon, who ordered six additional weeks of physical therapy, two treatments per week. On April 24, the physical therapist's office sent defendant Seabridge, Inc.'s claims handler an email with an invoice for 12 additional dates of treatment, but defendant unreasonably delayed authorization of the treatment to the extent that it could not be initiated until May 17, 2013. During the time defendant Seabridge, Inc. was failing to authorize the prescribed physical therapy treatment, it also failed to make maintenance payments due at the beginning of May, 2013. Said maintenance was withheld until May 13, 2013.

Despite the general maritime law rules that 1) ambiguities and doubts are to be resolved in favor of the seaman, and 2) in order to justify the termination of maintenance and cure the evidence that the injured seaman has reached maximum cure must be unequivocal, and without any evidence that plaintiff was not receiving curative treatment, defendant Seabridge, Inc. was arbitrary, callous, wanton, willful, persistent, recalcitrant and unreasonable in its refusal to pay maintenance and cure.

**6.** **Damages for Wrongful Failure to Pay Maintenance and Cure.** Under the general maritime law, plaintiff is entitled to recover damages against defendant Seabridge, Inc. for its wrongful failure to pay maintenance and cure. As a direct and proximate result of defendant's arbitrary, callous, wanton, willful, persistent, recalcitrant and unreasonable failure to pay maintenance and cure, plaintiff has suffered economic hardship, and severe emotional and psychological damages, for which he is entitled to recover under the general maritime law. Plaintiff is also entitled to recover costs, reasonable attorney's fees, punitive and/or exemplary damages and prejudgment interest.

4

WHEREFORE, plaintiff prays for damages and judgment against defendants in an amount to be determined by the presentation of evidence at the time of trial, together with prejudgment interest, his taxable costs and attorney's fees.

Dated this 19th day of June, 2013.

**LAW OFFICE OF WILLIAM M. FITZGERALD**
Attorney for Plaintiff

_____/s/_____
By: WILLIAM M. FITZGERALD